1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>JIANGUO HAN, ZHIWEN LIN, and<br>BING HAN,<br><br>                              Defendant(s). | Case No. 2:15-CR-69 JCM (NJK)<br><br>ORDER |

Presently before the court is Jianguo Han's ("defendant") emergency motion for compassionate release.  (ECF No. 201).  The United States of America ("the government") filed a response (ECF No. 202), to which defendant replied (ECF No. 203).

I.      **Background**

As relevant to this motion, the court sentenced defendant on October 25, 2017, to 78 months' incarceration for his role in a marijuana manufacturing operation that involved more than 100 plants.  (ECF Nos. 161; 162).  While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, have run rampant throughout the country and the world.  While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with HIV.  *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness,* (June 9, 2020).[1]

---

[1] Available       at       https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

James C. Mahan
U.S. District Judge

1    The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis

2    comorbidities continue to be promulgated.  *Id.*; *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence,*

3    *clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and*

4    *meta-analysis* (March 20, 2020);[2] Safiya Richardson, et al., *Presenting Characteristics,*

5    *Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York*

6    *City Area* (April 22, 2020).[3]

7    Defendant exhausted his administrative remedies when the Bureau of Prisons ("BOP")

8    denied his request for compassionate release—his medical conditions notwithstanding—because

9    he, as a resident of the People's Republic of China, is a "deportable alien."  (ECF Nos. 201; 201-

10   2).  Defendant petitioned the BOP and now argues to this court that being 70 years old and

11   suffering from diabetes, hypertension, hyperlipidemia, neuro-history of a stroke, BPH, and

12   hyperthyroidism warrant compassionate release.  *Id.*

13   The government opposes the instant request, arguing that defendant has not shown his

14   medical conditions warrant compassionate release and, even if they did, his release to Immigration

15   and Customs Enforcement ("ICE") would subject him to the same (if not worse) risk of contracting

16   COVID-19.  (ECF No. 202).

17   **II.    Legal Standard**

18   "Even though courts ordinarily have the inherent authority to reconsider its [their] prior

19   orders, such authority does not exist when there is an 'express rule to the contrary.'"  *United States*

20   *v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  One such contrary rule is relevant

21   here: "A court generally may not correct or modify a prison sentence once it has been imposed."

22   *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).  Instead,

23   the court may modify a sentence only when expressly authorized by statute.

24   The court is expressly authorized to modify a sentence under the compassionate release

25   provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391,

26

27   [2]  Available                                                                      at
     https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

28   [3]  Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

James C. Mahan
U.S. District Judge

- 2 -

132 Stat. 5194 (Dec. 21, 2018).  18 U.S.C. § 3582(c)(1)(A).  However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ."  *Id.*  If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so.  *Id.*  Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days.  *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

**III.    Discussion**

The court finds—and the parties do not dispute—that defendant has exhausted his administrative remedies.  The court need only consider whether there are extraordinary and compelling reasons that justify compassionate release.  If there are, the court also considers the sentencing factors under 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A) (allowing the court to order compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable").

As an initial matter, the court rejects the government's argument that defendant failed to substantiate his medical conditions.  (*See generally* ECF No. 202).  The BOP admitted that defendant suffers from "diabetes, hypertension, hyperlipidemia, neuro-history of a stroke, BPH, and hyperthyroidism," and defendant presented correspondence proving as much. (ECF No. 201-2).  Thus, the court finds that defendant has established those medical conditions.  Those conditions, coupled with defendant's age (70), lead the court to conclude that compassionate release may be appropriate.

However, defendant is a deportable alien.  Defendant argues that his "status as a 'deportable alien' should not automatically disqualify him from being given compassionate release."  (ECF

James C. Mahan
U.S. District Judge

No. 201 at 9).  But, as the government notes, "[defendant] would be surrendered to the custody of [ICE] to await removal proceedings."  (ECF No. 202 at 7).

Judge Rosenberg, of the United States District Court for the Southern District of Florida, addressed a defendant's request for compassionate release in *United States v. Chavez*, No. 1:95-CR-00361, 2020 WL 2322917 (S.D. Fla. May 11, 2020).  Notably, the defendant in that case sought compassionate release from the same facility, Moshannon Valley Correctional Institution ("MCVI").  *Id.* at *1.  Judge Rosenberg's analysis is persuasive here:

> The [c]ourt also notes that, upon the completion of his term of imprisonment, [defendant] will be surrendered to the custody of United States Immigration and Customs Enforcement to await removal proceedings.  [defendant] very likely will be held in an immigration detention facility, and the [c]ourt is aware that immigration detention facilities, like prisons, have had confirmed cases of COVID-19 and are implementing measures to respond to the spread of the disease in their populations.  The [c]ourt has been presented with no information to indicate that [defendant] has less of a likelihood of exposure to COVID-19 at an immigration detention facility than at MVCI, which has had no confirmed case of the disease.

*Id.* at *2.

Although the court is sympathetic to defendant's situation, the court nonetheless acknowledges that granting defendant compassionate release would simply foist him from the frying pan—MVCI—and into the fire—ICE detention.   Thus, the court finds that the circumstances and evidence do not warrant compassionate release at this time.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion for compassionate release (ECF No. 201) be, and the same hereby is, DENIED.

DATED July 2, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -