UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-69 JCM (NJK) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JIANGUO HAN, | |
| Defendant(s). | |

Presently before the court is defendant Jianguo Han's motion for reconsideration of the court's denial of compassionate release. (ECF No. 223). The government responded in opposition. (ECF No. 225). Mr. Han has not replied, and the time to do so has passed.

I. **BACKGROUND**

On February 20, 2015, a jury convicted Mr. Han of conspiracy, and possession with intent, to manufacture a controlled substance. (ECF No. 162, at 1). He was subsequently sentenced to 78 months imprisonment and 4 years of supervised release. (*Id.* at 2, 3). He moved for compassionate release for the third time on June 15, 2021, arguing that his advanced age and various health conditions put him at "extreme risk of contracting or recontracting the COVID-19 virus." (ECF No. 214, at 1–2). He also emphasized that he was convicted of non-violent offenses involving a controlled substance, marijuana, which is now recreationally legal in many states. (*Id.* at 2).

The court denied compassionate release because Mr. Han was now vaccinated against COVID-19 and the "circumstances which led the court to deny compassionate release twice before [had] not changed." (ECF No. 220, at 3).

**James C. Mahan**
**U.S. District Judge**

Mr. Han now asks this court to reconsider, arguing that he has not received effective counsel, no longer has pending deportation issues, and that the court's order denying compassionate release was issued before his reply[1] was due. (*See generally* ECF No. 223).

## II. Legal Standard

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Courts resolve reconsideration motions in criminal cases using the same standard as in civil cases. *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* LR 59-1(b) ("Motions for reconsideration are disfavored.").

Reconsideration is appropriate only if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. LR 59-1(a); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). There must be "facts or law of a strongly convincing nature in support of reversing the prior decision." *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017) (internal quotation marks omitted), *aff'd*, 719 F. App'x 672 (9th Cir. 2018).

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It also should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). It is

---

[1] Mr. Han's motion for compassionate release was filed on June 15, 2021 (ECF No. 214), the government timely responded on June 22, 2021 (ECF No. 217), and the court issued its order denying compassionate release on June 25, 2021 (ECF No. 220), four days before Mr. Han's reply deadline of June 29, 2021.

**James C. Mahan**
**U.S. District Judge**

- 2 -

improper to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013).

### III.  Discussion

Having considered Mr. Han's motion and the record, the court finds no basis to reconsider its earlier ruling and therefore denies Mr. Han's motion for reconsideration.

First, Mr. Han's argument that he has had ineffective assistance of counsel is not a basis for reconsideration, as it merely "repeat[s] arguments already presented." LR 59-1(b).  This is the same argument he made in his second motion for compassionate release.  (ECF No. 214 at 2).

Second, Mr. Han argues that reconsideration is warranted because he has "no deportation issues pending."  (ECF No. 223 at 1).  His status as a "deportable alien" was one of the reasons this court denied his multiple requests for compassionate release.  (ECF No. 204 at 3–4; ECF No. 220 at 3).  Mr. Han has not provided the court with new evidence, however, to support the assertion that he does not have any pending deportation issues.[2]  (ECF No. 222 at 4).

Finally, although Mr. Han is correct that the court issued its order denying his compassionate release request before his reply was due, this oversight was harmless error since no new or relevant evidence was presented in Mr. Han's subsequently filed reply.  (ECF No. 214).  Further, Mr. Han's reply was untimely as it was dated and submitted for mailing after the June 29, 2021, deadline.  (*Id.*).

Consequently, Mr. Han failed "to identify any newly discovered facts that could not have been brought to the [c]ourt's attention earlier warranting reconsideration."  *United States v. Frech*, No. 17-CR-00012, 2020 WL 3883654, at *1 (E.D. Wash. July 9, 2020) (denying a motion for reconsideration because the defendant's reply brief, though not initially considered by the court, did not present new evidence); *see also Arredondo v. Las Vegas Metro. Police Dep't*, 280 F. App'x 633, 634 (9th Cir. 2008) (reversing a district court's ruling issued before receiving the defendant's reply because (1) the reply was timely and (2) contained relevant evidence).

. . .

---

[2] Mr. Han supplied the court with correspondence from the Board of Immigration Appeals, but the documents illustrated only that the Board could not locate his case because he failed to provide the proper 9-digit registration number.  (ECF No. 222 at 4).

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.      Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Jianguo Han's motion for reconsideration (ECF No. 223) be, and the same hereby is, DENIED.

DATED November 30, 2021.

_____
UNITED STATES DISTRICT JUDGE